IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER J. BRZOWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 3977 |
| | ) |
| LAURA A. BRZOWSKI, MICHAEL T. | ) |
| TRISTANO, ANTHONY L. YOUNG, | ) |
| GERALD C. BENDER, JAMES J. | ) |
| ALLEN, ERIN M. KRONE, | ) |
| DANIEL G. WELTER, and | ) |
| RAYMOND A. FIGUEROA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Walter Brzowski is dissatisfied with divorce proceedings (including child custody issues) that have occurred in state court, as well as related orders of protection and criminal prosecutions. Instead of limiting himself to contesting the merits of that litigation in the state court proceedings, plaintiff has made numerous attempts to either directly litigate the state cases in federal court or pursue related litigation in federal court. The present case is at least the ninth case that plaintiff has filed in the United States District Court for the Northern District of Illinois, either as an original action or as a removal of one of the state

cases.[1] All of the prior federal cases have either been summarily dismissed or, in the attempted removals, remanded back to state court. Presently pending are plaintiff's motions to proceed in forma pauperis and for appointment of counsel.

In this case, plaintiff has filed a 35-page complaint containing 227 numbered paragraphs and numerous subparagraphs. Named as defendants are plaintiff's ex-wife; the attorney that represented the ex-wife in the divorce proceedings; five state court judges who presided over the divorce proceedings and related orders of protection and criminal prosecutions; and a Will County Assistant State's Attorney who filed criminal complaints regarding plaintiff's alleged violation of orders of protection. While citing various federal statutes and the

---

[1] See Brzowski v. Brzowski, No. 02 C 6219 (N.D. Ill. Sept. 9, 2002) (dismissed for failing to state claim and on Rooker-Feldman grounds); Brzowski v. Brzowski, No. 03 C 2685 (N.D. Ill. May 5, 2003, April 28, 2005) (original claims dismissed for lack of subject matter jurisdiction based on Rooker-Feldman and removed aspects remanded to state court); Brzowski v. Brzowski, No. 03 C 7322 (N.D. Ill. Dec. 2, 2003) (no federal cause of action adequately stated, possible state law claims dismissed for lack of subject matter jurisdiction); Brzowski v. Brzowski, No. 05 C 493 (N.D. Ill. March 1, 2005) (no claim stated in that no state action alleged to support a § 1983 claim and no race discrimination alleged to support a § 1981 claim); People of the State of Ill. v. Brzowski, 07 C 1288 (N.D. Ill. May 23, 2007) (three removed criminal cases remanded as untimely removed and for lack of proper removal jurisdiction); Brzowski v. Brzowski, No. 07 C 1504 (N.D. Ill. March 20, 2007) (removed divorce proceedings remanded for lack of removal jurisdiction); Brzowski v. Brzowski, No. 07 C 2610 (N.D. Ill. May 29, 2007) (same); Brzowski v. Tristano, 07 C 2715 (N.D. Ill. June 15, 2007) (dismissed for lack of subject matter jurisdiction based on Rooker-Feldman).

federal Constitution, plaintiff states that his claims are brought pursuant to 42 U.S.C. § 1983. He expressly states that he is not bringing any state law claim.

As has been explained to him in orders dismissing his prior cases: (1) plaintiff cannot obtain review of state court rulings, even ones allegedly inconsistent with the federal Constitution, by filing an original action in federal court and (2) among other necessary elements of a § 1983 claim, there must be state action. His ex-wife and her attorney are not state actors. The claims against the judges must fail because of judicial immunity and the claims against the assistant state's attorney must fail because of prosecutorial immunity. See Pienaar v. Young, 2007 WL 1797632 *1 (S.D. Ind. June 19, 2007); Fields v. Roswarski, 469 F. Supp. 2d 599, 604-05 (N.D. Ind. 2007).

Plaintiff's claims are frivolous. Therefore, the motion to proceed in forma pauperis will be denied. The motion for appointment of counsel will be denied as moot. A copy of today's order will be provided to the Executive Committee of this court so that it may consider whether any appropriate order should be entered based on plaintiff being a vexatious litigant.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed in forma pauperis [4] is denied. Plaintiff's motion for appointment of counsel [5] is denied as moot. The Clerk of the

Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: JULY 26, 2007